UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZAGRAY, LLC, | ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) MAGISTRATE JUDGE Cohen |
| LACOSTE ALLIGATOR, S.A. | ) Jury Trial Demanded |
| Defendants. | ) |

04-11258

FILED
IN CLERK'S OFFICE
2004 JUN -7 P 5:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. T.O.M
DATE 6/4/04

**COMPLAINT**

Introduction

1.      This is an action for a declaratory judgment that the plaintiff, ElizaGray LLC, (hereinafter "ElizaGray") does not infringe any trademark or other rights of the defendant, Lacoste Alligator S.A. (hereinafter "Lacoste") by the use of alligator-shaped crystal jewelry ornaments on its retail products.

2.      As more fully set forth below, ElizaGray has built a retail business selling a variety of high-end retail accessory products, including brooches, belts, evening purses, tote bags, pony tail holders and other accessories. Each product contains an elaborate crystal jeweled ornament in six shapes including a heart, seashell, starfish, butterfly, elephant, alligator, or flower. Each ornament is made of metal and covered with a variety of colored crystals which are glued to the metal shape. These decorated shapes are either sold separately as a brooch or applied to a variety of fashion accessories including belts, purses, tote bags, pony tail holders, and other accessories. All of ElizaGray's accessories also bear the name "ElizaGray" on the product. ElizaGray sells these accessories in high-end boutiques and specialty retail shops.

3. Recently, Lacoste demanded that Plaintiff cease all use of the alligator-shaped jewelry design and has threatened to sue ElizaGray for alleged trademark infringement over use of the alligator shape and design (hereinafter "alligator configuration").

4. Plaintiff brings this action seeking a declaration that it is not infringing any trademark or other rights of Lacoste through the use of the crystal-covered alligator shape and design.

## THE PARTIES

5. Plaintiff, ElizaGray ("ElizaGray"), is a corporation organized under the laws of the Commonwealth of Massachusetts, and has a principal place of business at 15 Crescent Street, Weston, Massachusetts 02493.

6. Upon information and belief, defendant, Lacoste Alligator, S.A. ("Lacoste"), is a corporation existing under the laws of the country of Switzerland, and has its principal place of business at 8, Rue Muzy, 1207 Geneva, Switzerland, and does business throughout the United States, including in Massachusetts.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of the subject matter of this case under the Declaratory Judgment Act, Title 28 of the United States Code, §§ 2201 and 2202, and under the laws of the United States concerning actions relating to trademarks, Title 15 of the United States Code, § 1125(a), *et seq.*, and thus presents a federal question under 28 U.S.C. § 1331. This Court also has subject matter jurisdiction because there is complete diversity between the parties, and the amount of controversy exceeds $75,000 exclusive of interest and costs pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

-3-

## BACKGROUND

8.     ElizaGray designs ornaments as accessories in retail fashion for sale to certain high-end boutiques and fashion retail specialty stores across the United States. These ornaments are designed in six shapes including hearts, seashells, starfish, butterflies, elephants and alligators. The ElizaGray ornaments, including the alligator, are made of expensive Swarovski crystals affixed to metal or other surfaces which are then attached to the product as a decoration. These decorated shapes are either sold separately as brooches or applied to a variety of fashion accessories including belts, evening bags, tote bags, pony tail holders, and other accessories. All of ElizaGray's accessories also bear the name "ElizaGray" on the accessory.

9.     By letter dated May 24, 2004, defendant, Lacoste, has asserted that plaintiff's use of the alligator design infringes defendant's "famous alligator mark." A true and accurate copy of defendant's letter dated May 24, 2004 is attached hereto as Exhibit A. On information and belief, Lacoste sells a variety of sports clothing, including sport shirts, sweaters, socks, shorts, hats, coats, jackets, bathrobes, swim trunks, each containing Lacoste's alligator logo made of fabric which is embroidered on its products.. In addition, on information and belief, Lacoste also sells golf bags, tennis bags, watches, eyeglasses, sunglasses, umbrellas, plastic shopping bags, and other items also bearing the Lacoste alligator logo.

10.    There is no likelihood of any appreciable confusion among relevant customers between ElizaGray and Lacoste. Unlike Lacoste, the ElizaGray alligator configuration is not used as a logo to be identified with ElizaGray but rather as an ornament or decoration to the ElizaGray product. ElizaGray in fact employs a dragonfly logo which appears on all of its products. While Lacoste's use of the alligator shape is a trademark which identifies the origin of Lacoste's products, ElizaGray uses the alligator shape as one of many of her decorative crystal-

studded ornaments adorning the ElizaGray products. The ElizaGray products are only sold in high-end boutiques and are not found in any department stores.

11. The alligator design used by ElizaGray for its crystal-studded ornament does not look in any way like the Lacoste alligator since the ElizaGray design points in a different direction, is much larger, is not made of fabric, but of expensive crystal and is obviously an ornament and not a logo. The public cannot be confused by the ElizaGray design since the product itself which is decorated with the alligator design or other emblem conspicuously bears the name of ElizaGray and its dragonfly logo.

12. There exists a real and actual controversy between the parties concerning the allegation of infringement by ElizaGray of the alligator configuration.

## Count I
(Declaratory Judgment of Noninfringement)

13. ElizaGray incorporates the allegations of the preceding paragraphs as if fully set forth here.

14. An actual and justiciable controversy exists between ElizaGray and Lacoste as to ElizaGray's use of the alligator configuration and whether that use infringes any trademark rights of Lacoste under the Lanham Act, 15 U.S.C. § 1125(a), or other rights, if any, which are owned or assertable by Lacoste and enforceable against ElizaGray.

15. ElizaGray's use of the alligator shape does not infringe any trademark rights of Lacoste and Lacoste has no enforceable trademark or other rights as against ElizaGray in connection with the use of the alligator configuration.

-5-

16. ElizaGray is entitled to a declaration that its use of the alligator shape and design does not infringe any trademark or other rights of Lacoste and Lacoste has no enforceable trademark or other rights as against ElizaGray in connection with use of that design.

### Request For Relief

WHEREFORE, plaintiff ElizaGray respectfully requests that this Court:

1. Declare that plaintiff ElizaGray has not infringed and is not infringing any trademark or other rights of Lacoste and Lacoste has no enforceable trademark or other rights as against ElizaGray in connection with ElizaGray's use of the crystal-studded alligator shape and design.

2. Award ElizaGray the costs of this action; and

3. Grant to ElizaGray such further relief as is just and warranted under the circumstances.

Dated: June 7, 2004

Respectfully submitted,

ELIZAGRAY
By their attorneys,

_____
J. Owen Todd
Todd & Weld LLP
28 State Street
Boston, Massachusetts 02109
(617) 720-2626

_____
Lee Carl Bromberg, BBO #058480
Lisa M. Fleming, BBO #546,148
BROMBERG & SUNSTEIN LLP
125 Summer Street – 11th floor
Boston, Massachusetts 02110-1618
(617) 443-9292

00002/LMF  315312.1